Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury, Docket No. CR 4-140909;
AUDREY HARRINGTON, Defense Counsel, for Petitioner
EVA LENCZEWSKI, Assistant State's Attorney, for the State.
SENTENCE AFFIRMED
BY THE DIVISION: The background of this case differs somewhat from the ordinary in that the petitioner asks the Division to review a suspended sentence put into effect upon a violation of probation.
The sentence in this case was originally imposed on September 24, 1987. The petitioner, having pled Guilty to Robbery in the First Degree (Sec. 53a-134 (a)(3)), was sentenced to eight (8) years, execution suspended after service of one (1) year. Thereafter the petitioner was ordered committed to the custody of the Connecticut Alcohol and Drug Abuse Commission (CADAC) for a period not to exceed twenty-four (24) months pursuant to Sec. 19a-387, and thereafter a five (5) year probationary period with conditions of compliance with any drug treatment ordered by the Probation Department.
The robbery involved the petitioner striking a CT Page 4376 sixty-nine (69) year old variety store clerk in the head in order to steal money from the cash register.
The petitioner does not claim the original sentence was inappropriate in view of the charge and her record, but she asks the Division to review the imposition of the unexecuted portion of that sentence — seven (7) years — for violation of probation.
After serving the first year of her original sentence, the petitioner, instead of being committed to CADAC, was released.
Approximately one (1) year later she became involved in a situation wherein people were arrested in connection with drug offenses and her status as someone who should have been in a CADAC program became known. She was thereupon, in accordance with the original sentence, ordered into the CADAC program, as she had reinvolved herself with illegal drugs.
She remained at CADAC for only two (2) weeks when that program petitioned her back to Court for non-compliance with the program. Accordingly to counsel she violated the rules by getting into a sexual encounter while at the Berkshire Woods facilities and refused to accept the punishment which the program rules mandated for such violation. Upon her return to Court, the unexecuted portion of the original sentence was imposed.
In imposing the original sentence in 1987, the Court expressed concern that the petitioner was not motivated to a treatment program, but that it was willing to give the petitioner a chance, despite the severity of the crime. It appears that the Court's concern about the petitioner's attitude was not misplaced. Although the authorities mistakenly did not send her directly to CADAC upon her release, one year later when she continued involvement with unlawful drugs, the Court gave her the opportunity to go into the program. She lasted there only two (2) weeks. Not only did she violate program rules, but refused to accept the further opportunity to accept in-program punishment, knowing that it would be a violation of her probation.
The comments of the sentencing Court at the revocation hearing, while succinct, underscore the futility of the rehabilitative efforts for this petitioner. The imposition of the unexecuted portion of the sentence was not, under the background and circumstances of this case unwarranted or unreasonable. CT Page 4377
The sentence is affirmed.
Purtill, J., Klaczak, J., and Norko, J. participated in this decision.